# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| In re: | ) | |
| | ) | |
| RICHARD P. DAY, | ) | Case No. 04 C 5936 |
| | ) | |
| Appellant, | ) | |
| | ) | |

## MEMORANDUM OPINION

SAMUEL DER-YEGHIAYAN, District Judge

This matter is before the court on Plaintiff Richard P. Day's ("Day") motion to reconsider this court's ruling on December 16, 2004, denying Day's motion to stay the enforcement of a judgment entered by a Judge in the United States Bankruptcy Court for the Northern District of Illinois. For the reasons stated below, we deny the motion for reconsideration.

## BACKGROUND

Day acknowledges that a bankruptcy judge issued an order enjoining Day from pursuing a claim for fees and costs in the Circuit Court of Cook County, Illinois and granting an allowance of fees and reimbursement of expenses to debtor's counsel as a sanction. Day also indicated that the order required him to pay $964.95 in sanctions to Defendant and/or the Defendant's attorney. Day claimed that he was

1

pursuing an appeal of the bankruptcy judge's order and Day moved in this court to stay enforcement of the bankruptcy court's judgment pending the outcome of the appeal. On December 16, 2004, we denied Day's motion to stay enforcement of the judgment and Day now asks us to reconsider our ruling.

## LEGAL STANDARD

Rule 59(e) permits parties to file, within ten days of the entry of a judgment, a motion to alter or amend the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) motions do not give a party the opportunity to rehash old arguments or to present new arguments "that could and should have been presented to the district court prior to the judgment." *Moro v. Shell Oil Co.*, 91 F.3d 872, 876 (7th Cir.1996)(citing *LB Credit Corp. v. Resolution Trust Corp.*, 49 F.3d 1263, 1267 (7th Cir.1995)). Rather, a Rule 59(e) motion "must clearly establish either a manifest error of law or fact or must present newly discovered evidence" in order to be successful. *LB Credit Corp.*, 49 F.3d at 1267 (quoting *Federal Deposit Ins. Corp. v. Meyer*, 781 F.2d 1260, 1268 (7th Cir.1986)). The decision of whether to grant or deny a Rule 59(e) motion "is entrusted to the sound judgment of the district court. . . ." *In re Prince*, 85 F.3d 314, 324 (7th Cir.1996).

## DISCUSSION

Day first attempts to argue that there was some sort of confusion regarding the

court's prior ruling because the court's original ruling inadvertently made reference to the Circuit Court of Cook County rather than the United States Bankruptcy Court for the Northern District of Illinois. However, the introduction of the court name issue by Day is a red herring and is nothing more than an attempt to create confusion where none exists. First of all, it was clear from the content of the first ruling made by this court as to which court was being referred to in our ruling, and any insinuation by Day that he was confused on this issue is not credible. Secondly, on December 22, 2004, the court amended its ruling to reflect the correct court name and thus, the effective order of this court thereafter reflects the correct court name. Thus, the instant motion filed by Day on December 23, 2004, which was after the court's amendment, does not accurately state what the court's final order contains, and Day is incorrect in his reference to the Circuit Court of Cook County.

Day also complains about the fact that this court stated in its prior ruling that "in our discretion, we find that we have not been presented with sufficient evidence to warrant a stay." Day contends that the statement is "off-handed and arbitrary." (Recon 2). As we stated in our prior ruling Day himself acknowledged that "[i]t is ultimately the discretion of the court to grant the stay of enforcement." (Stay Reply 4). We thoroughly considered all evidence and documents presented before this court and determined in our discretion that a stay was not warranted. It is only because the court did not find in favor of Day when exercising its discretion that Day now complains that the court's decision was "off-handed and arbitrary."

3

Day cites absolutely no legal authority in support of his position in his motion for reconsideration. He merely makes statements such as that our prior ruling "is not logical." (Recon. 1). Day also attempts to bolster his argument that he has a high probability of winning on appeal by appending exclamation points to the end of sentences in his brief. (Recon. 2). Finally, Day argues that he will prevail because he has brought nine counts and he plans to use evidence from twenty four exhibits. (Recon. 2). However, we rule based upon the law, and absent sufficient legal justification we shall not alter our prior ruling based upon Day's estimation of what is logical. Neither are we swayed by the fact that his arguments, as presented by his attorney, are followed by exclamation points or by the fact that Day plans to present a large volume of exhibits as evidence on appeal.

Day contends that "the facts of this Appeal have not been carefully and thoughtfully considered." (Recon. 2). Day is entirely mistaken on that point. We thoroughly considered all materials presented to the court and all the arguments put forth by the parties. Only after extensive deliberations did we conclude that Day's motion to stay should not be granted. Day argues that in his opinion the bankruptcy Judge "refused to hear any more motions of Appellant." (Recon. 1). The fact remains that Day did not file his motion to stay with the proper bankruptcy judge and he provides no legal basis for his opinion that he cannot file the motion to stay with the proper judge. Day is simply asking the court to change its mind and rule in his favor the second time around which is not a proper basis for bringing a motion

4

for reconsideration. Day has not, for instance, pointed to any new evidence that would warrant a reconsideration of our prior ruling. Day has failed to provide any legal justification that would warrant an alteration of our prior ruling, and we therefore deny the motion for reconsideration.

## CONCLUSION

Based on the foregoing analysis, we deny Day's motion for reconsideration.

Samuel Der-Yeghiayan
United States District Court Judge

Dated: February 7, 2005